**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                            Case No. 13-14912
                                           HON. SEAN F. COX

DENISE MAYES,

      Defendant.

_____/


**OPINION AND ORDER**

      In 2007, Defendant Denise Mayes signed an agreement with the Government for pretrial diversion ("Agreement") and a stipulation of entry of a consent judgment ("Consent Judgment"). The Agreement and Consent Judgment stemmed from amounts Defendant owed to the United States Department of Housing and Development (the "Obligation").  On January 31, 2014, a Stipulation for Entry of Judgment was entered, whereby Defendant agreed to pay restitution to the Government in the amount of the Obligation at that time ($18,960.00), to be paid in installments of at least $25.00 per month.  The Consent Judgment incorporating those terms was entered on February 10, 2014. According to the Government, Defendant still owes $14,821.33 on the Obligation, as she made nine monthly payments in 2014, two monthly payments in 2015, and her Federal income tax refunds have been garnished.

      On both May 15 and 21, 2015, the Government issued a Writ of Continuing Garnishment as to Defendant and garnishee State of Michigan (they appear to be the same Writ).  Pursuant to that Writ of Continuing Garnishment, the Government seeks to attach Defendant's State of Michigan income tax refunds in the future for the purpose of satisfying the balance of the Obligation (to date,

the Government has not yet garnished Defendant's State of Michigan income tax refunds).  On June 17, 2015, Defendant filed a request for hearing after receiving notice of the Writ of Continuing Garnishment as to the State of Michigan ("Request for Hearing") [Dkt #10].  In the Request for Hearing, Defendant states that she does not have the ability to pay on the Obligation right now because she owes H&R Block $300 for preparation of her taxes.  Defendant states that the $300 was to be deducted from her income tax refunds, but it was not deducted because her federal income tax refunds were garnished.  Defendant does not express in any manner that she opposes the garnishment, nor does she indicate that she will not pay the balance of the Obligation.  Rather, she merely asks that she be allowed to pay off her debt to H&R Block before resuming payments on the Obligation.

On July 1, 2015, the Government filed a response to the Request for Hearing.  The Government interprets the Request for Hearing as an objection to the Writ of Garnishment to the State of Michigan.  The Government asserts that there is no reason to conduct a hearing because there are no exemptions to protect Defendant from having her State of Michigan income tax refunds garnished.  The Government also asserts that garnishment of Defendant's future State of Michigan income tax refunds is the least disruptive avenue of collection because it does not interfere with Defendant's ability to pay her bills/meet her daily obligations.  Defendant did not file a timely reply to the Government's response.

The Court concludes that there is no need to hold a hearing on the Request for Hearing, for two reasons: (1) Defendant does not actually object to the garnishment of her State of Michigan income tax refunds — or any other garnishment that has occurred to date, and (2) even if she were objecting to that garnishment, Defendant has not identified any exemption upon which she can rely.

2

*See, e.g.*, *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (holding that a court can deny the request for a hearing where the debtor does not object based on one of the issues set forth in 28 U.S.C. § 3202, where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation). As noted above, Defendant seems only to be saying it will be awhile before she resumes paying the $25/month amounts the Consent Judgment requires. Likewise, the Government has not asked the Court to take any action with respect to Defendant's inconsistent and deficient payments on the Obligation. Therefore, the Court finds that there is no issue or controversy presently before the Court.

Accordingly, as there is nothing for the Court to decide at this time, the Court DENIES Defendant's Request for Hearing [Dkt #10].

IT IS SO ORDERED.

Dated: July 14, 2015                    S/ Sean F. Cox_____
                                        Sean F. Cox
                                        U. S. District Judge


I hereby certify that on July 14, 2015, the foregoing document was served on counsel of record via electronic means and upon Denise Mayes via First Class mail at the address below:

Denise Mayes
P.O. Box 8002
Detroit, MI 48208-0002


                                        S/ J. McCoy_____
                                        Case Manager

3